IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-613 |
| | § | C.A. No. C-09-123 |
| JUAN GUILLERMO SILVAS, | § | |
| | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER
### SETTING EVIDENTIARY HEARING, APPOINTING COUNSEL,
### AND ORDER GRANTING MOVANT'S MOTION FOR TRANSCRIPTS

Pending before the Court is Defendant Juan Guillermo Silvas' ("Silvas") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, which also includes a supplemental claim that he received leave to add. (D.E. 25, 31.)[1] The Court ordered the government to respond (D.E.27), and the United States filed a combined motion for summary judgment and alternative response and motion to dismiss. (D.E. 47-49.) On February 10, 2010, the Clerk received from Silvas a document titled as a "Motion to Strike" the United States' response, which the Court construes as his reply. (D.E. 50.) The Court has reviewed and considered all of the submissions of the parties.

One of Silvas' grounds for relief is a claim that he was denied effective assistance of counsel. That claim contains a number of sub-parts in which Silvas makes specific allegations of ineffective assistance. One of these allegations is a claim that his retained

---

[1] Docket entry references are to the criminal case, Cr. No. C-08-613.

counsel, Joseph Ronald Barroso, "failed to filed [sic] a requested notice of appeal." (D.E. 25 at 5.) For the reasons set forth herein, the Court concludes that it cannot resolve Silvas' claim that counsel failed to appeal as requested based on the current record. Instead, the Court will hold an evidentiary hearing to address this claim only. Additionally, as discussed herein, Silvas is entitled to counsel for purposes of the evidentiary hearing.

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2008, Silvas was charged in a single-count indictment with possession with intent to distribute approximately one hundred fifty-four and forty-four hundredths (154.44) grams of a mixture of substance containing a cocaine base (also known as crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 7.) Silvas pleaded guilty pursuant to a written plea agreement that included a waiver of his right to appeal, except under limited circumstances, and a waiver of his right to file any post-conviction motions, including any motions pursuant to 28 U.S.C. § 2255. (D.E. 12, 13.)

On January 7, 2009, the Court sentenced Silvas to 160 months in the custody of the Bureau of Prisons, to be followed by a ten-year term of supervised release. (D.E. 22, 23; see also S. Tr. at 9-11.) The Court also imposed a $100 special assessment. (Id.) Judgment was entered on January 8, 2009. (D.E. 23.) Silvas did not appeal.

On June 1, 2009, the Clerk received Silvas' motion pursuant to 28 U.S.C. § 2255, with a supporting memorandum. (D.E. 25, 26.) The motion is timely. The Court has also granted

Silvas' motion to supplement his motion with an additional claim. (D.E. 33 (granting D.E. 31).)

### III.  ANALYSIS

**A.    Movant's Allegations and United States' Response**

Silvas' § 2255 motion and supplement list four grounds for relief, although the first of these is an ineffective assistance of claim that lists seven different alleged deficiencies by counsel. Specifically, Silvas contends that he was denied effective assistance of counsel because:

> 1. counsel failed to object to the Presentence Report;
>
> 2. counsel failed to object to a "20-months upward departure from the guidelines";
>
> 3. counsel failed to request a lab report to challenge the incorrect drug amounts used in sentencing him;
>
> 4. counsel failed to file a requested notice of appeal;
>
> 5. counsel failed to "perfect or preserve the record on appeal";
>
> 6. counsel failed to "properly investigate the case"; and
>
> 7. counsel failed to object to an "illegal" ten-year supervised release term.

(D.E. 25 at 5.) Silvas' second ground for relief is that his offense level was incorrectly calculated because it was based on an incorrect and unchallenged lab report. (D.E. 25 at 6.) His third ground is that his ten-year supervised release term is illegal because he does not have a prior drug offense and thus only could have been sentenced to a maximum of five years' supervised release. (D.E. 25 at 8.) His supplemental filing contains his fourth ground for relief, which is that he should be resentenced pursuant to the revised sentencing

guidelines for computing crack cocaine offenses. (D.E. 31.)

The United States' response contends that all of Silvas' claims are barred by his voluntary and enforceable waiver of § 2255 rights. The government claims that all of his allegations fall within the scope of his § 2255 waiver and are thus barred. (D.E. 49 at 5-10.) In the alternative, the United States moves to dismiss his motion on the ground that the record and applicable law "conclusively show that no relief is appropriate." (D.E. 49 at 11.) The government has also provided an affidavit from Barroso that directly responds to Silvas' allegations of ineffective assistance, which the Court has considered. (D.E. 49-2.)

**B.     Claim That Counsel Failed to Appeal as Requested**

As noted, one of Silvas' claims is that his counsel, Barroso, failed to appeal as Silvas had requested. In his supporting memorandum, Silvas elaborates that "counsel failed to request a notice of appeal where counsel refused because Petitioner, after paying $10,000, was without additional funds to pay for his appeal. (D.E. 26 at 2.)

The United States' response includes an affidavit from Barroso, in which he responds directly to this claim. Specifically, Barroso avers:

> ... I also recall speaking to Mr. Silvas after his Sentencing in the holding cell at the U.S. Courthouse and again asking him whether he wanted to attempt cooperating with the Government in order to gain a Rule 35 reduction in his sentence. Mr. Silvas was insistent that he would not "snitch" on anyone. Moreover, he indicated that he did not want to spend anymore money on his case and, as such, funds or the lack thereof did not seem to be a problem."

(D.E. 49-2 at ¶ 4.)

Mr. Barroso's affidavit also references the fact that Silvas' plea agreement contained

a waiver of his right to appeal.  At sentencing, however, the Court upwardly departed from the advisory guideline range as to Silvas' supervised release term.  The Court thus stated on the record that it thought Silvas had the right to appeal the Court's imposition of a supervised release term above the advisory guideline range.  (D.E. 41, Sentencing Transcript ("S. Tr.") at 12.)  The Court informed Silvas that he had the right to appeal that issue and that he could "take it up with the Court of Appeals on whether or not you have any other further rights to appeal, whether or not that frees you from waiving your rights of appeal with respect to any other error in the sentencing or case." (Id.)  The Court also informed Silvas that if he could not afford an attorney or the costs of an appeal, he could file his appeal in forma pauperis.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied.  Rodriguez v. United States, 395 U.S. 327, 330 (1969).

The United States argues that Silvas' waiver bars all of his claims, including his claim that his counsel failed to appeal, but its argument is contradicted by Fifth Circuit authority. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding district court abused its discretion when it failed to hold an evidentiary hearing on Movant's failure to appeal claim, despite his waiver of appellate rights and § 2255 rights)  Although Silvas has not

5

provided extensive detail regarding any discussion between him and Barroso regarding an appeal, the Court is nonetheless unable to determine on the current record that Silvas is not entitled to relief, because the issue will turn on the credibility of Silvas and his prior counsel. Accordingly, an evidentiary hearing will be held to resolve this issue. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Silvas' motion, it is unnecessary for the Court to address them at this time. If the Court rules in Silvas' favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Silvas' remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Silvas' ineffective assistance claim concerning the failure to appeal, it will subsequently address Silvas' remaining grounds for relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing to address Silvas' claim that counsel failed to appeal after being requested to do so.  Silvas is entitled to be represented by counsel at the hearing.  See Rules Governing Section 2255 Motions 8(c).  Silvas has already submitted financial information in conjunction with his request for a transcript at government expense, and that information supports the conclusion that he is financially eligible for counsel under 18 U.S.C. § 3006.  Accordingly, the Office of the Federal Public Defender is hereby appointed to represent Silvas at the evidentiary hearing. *An evidentiary hearing is set for 1:30 p.m. on Thursday, June 3, 2010.*

Finally, Silvas' motion for a copy of his sentencing and rearraignment transcripts at government expense (D.E. 39) is GRANTED for the reason set forth in the Court's prior order (D.E. 44) and based on the financial information submitted by Silvas.  (D.E. 46.)  The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender, in addition to sending a copy directly to Silvas and counsel for the United States. Additionally, the Clerk should provide copies of the rearraignment and sentencing transcripts to Silvas at no charge to him.

It is so ORDERED this 11th day of April, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE