# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-613 |
| | § | C.A. No. C-09-123 |
| JUAN GUILLERMO SILVAS, | § | |
| | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION UNDER 28 U.S.C. § 2255
## AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Juan Guillermo Silvas' ("Silvas") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, which also includes a supplemental claim that he received leave to add. (D.E. 25, 31.)[1] The Court ordered the government to respond (D.E. 27), and the United States filed a combined motion for summary judgment and alternative response and motion to dismiss. (D.E. 47-49.) On June 3, 2010, the Court held an evidentiary hearing to address Silvas' claim that he was denied effective assistance of counsel because his court-appointed counsel, Joseph Ronald Barroso, "failed to filed [sic] a requested notice of appeal." (D.E. 25 at 5.)

For the reasons set forth at the conclusion of the hearing, and for the reasons set forth herein, the Court concludes that Silvas is not entitled to relief as to his claim that his counsel failed to appeal. His remaining claims, to the extent they are not barred by his waiver of

---

[1] Docket entry references are to the criminal case, Cr. No. C-08-613.

§ 2255 rights, fail on their merits. Additionally, as discussed herein, the Court denies Silvas a Certificate of Appealability. Finally, Silvas' motion to reduce sentence (D.E. 52) is DENIED.

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of the case are set forth in the Court's order setting the case for a hearing, signed April 11, 2010 and entered April 13, 2010. (D.E. 51.) Familiarity with that Order is assumed and that information will not be repeated herein.

Additional relevant background includes the fact that the Court sentenced Silvas to a ten-year term of supervised release, which was an upward departure not requested by the United States. Notably, Silvas' waiver of appellate rights contained an exception allowing him to appeal "an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in 18 U.S.C. § 3742(b)." (D.E. 13 at ¶ 7.) Because of this exception, the Court indicated at sentencing that it thought Silvas had the right to appeal the supervised release term. The Court further stated that it did not know what effect Silvas' increased supervised release term would have on his appellate waiver and, in particular, whether it would allow him to appeal any other error in the sentencing or the case. (S. Tr. at 12-13.) The Court described the issue as an "[i]nteresting legal question somebody else can resolve." (S. Tr. at 13.)

Notably, some of Silvas' § 2255 claims challenge the supervised release term directly. Thus, the Court believes it is at least arguable that those claims should not be barred by his waiver of § 2255 rights. Rather than address this complicated legal issue or rely on the waiver as a bar to his claims, however, the Court instead addresses all of Silvas' claims on their merits.

### III. ANALYSIS

**A.  Movant's Allegations**

As noted in the Court's order setting the hearing in this case, Silvas' § 2255 motion and supplement list four grounds for relief, and his first ground for relief is an ineffective assistance of counsel claim that lists seven different alleged deficiencies of counsel. Specifically, Silvas contends that he was denied effective assistance of counsel because his attorney failed to:

> 1. object to the Presentence Report;
>
> 2. object to a "20-months upward departure from the guidelines";
>
> 3. request a lab report to challenge the incorrect drug amounts used in sentencing Silvas;
>
> 4. file a requested notice of appeal;
>
> 5. "perfect or preserve the record on appeal";
>
> 6. "properly investigate the case"; and
>
> 7. object to an "illegal" ten-year supervised release term.

(D.E. 25 at 5.)

Silvas' second ground for relief is that his offense level was incorrectly calculated because it was based on drug amounts from an incorrect and unchallenged lab report. (D.E. 25 at 6.) His third ground is that his ten-year supervised release term is illegal because he does not have a prior drug offense and thus only could have been sentenced to a maximum of five years' supervised release. (D.E. 25 at 8.) His supplemental filing contains his fourth ground for relief, in which he contends that he should be resentenced pursuant to the revised sentencing guidelines for computing crack cocaine offenses. (D.E. 31.)

Additionally, on May 10, 2010, the Clerk received from Silvas a document titled as a "Motion for Retroactive Application of Sentencing Guidelines" in which he requests essentially the same relief as his fourth ground for relief. (D.E. 52.) As discussed herein, whether styled as a § 2255 motion or a § 3582 motion, Silvas is not entitled to relief as to this fourth claim. Thus, this motion (D.E. 52) is also DENIED.

Similarly, for the reasons set forth herein, the Court concludes that Silvas is not entitled to relief as to any of his claim.

**B.      Ineffective Assistance of Counsel**

   **1. General Standards**

Ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range

of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Counsel's Alleged Failure to Object to the Presentence Report

Silvas' first three claims of ineffective assistance allege that counsel was deficient at sentencing. To establish prejudice as a result of alleged errors at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires a movant to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). This is a showing that Silvas has not made.

As to Silvas' claim that counsel failed to object to the Presentence Investigation Report ("PSR"), it finds no support in the record. Notably, counsel Ronald Barroso in fact filed written objections to the PSR, and those objections (which were not opposed by the United States), resulted in a change of Silvas' advisory guideline range from 151 -188 months to a range of 140 to 179 months. (D.E. 49, Barroso Affidavit at ¶¶ 1-2; S. Tr. at 2-5.)

Moreover, the only objections Silvas has identified that he believes counsel should have made are those discussed in his second and third claims, which would not have been meritorious. To the extent he is arguing there are other unspecified objections that should have been made, his claim fails because it is conclusory. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

### 3. Counsel's Alleged Failure to Object to a "20-months upward departure from the guidelines"

Silvas' reference to a "20-month upward departure" by the Court is not borne out by the record. The advisory guideline range for Silvas' offense was 140 to 175 months. (S. Tr. at 4-5). The United States recommended the top end of the guideline range, and defense counsel asked the Court to impose a non-guidelines sentence of 120 months. (S. Tr. at 5-8.) Counsel cogently articulated his reasons for the requested sentence. (Id. at 6-8.)

The Court, however, sentenced Silvas to the middle of the guideline range, 160 months. (Id. at 9-10; D.E. 22, 23.) The Court stated its reasons on the record as to why it was imposing a 160-month sentence instead of the lower end of the guideline range. (See S. Tr. at 9-11.) These reasons included Silvas' "prior serious criminal history," the fact that the offense involved "a large amount of a dangerous drug," the fact that there had been other suspected drug activity by defendant confirmed by the seizure of drugs from him, Silvas' "unscored misbehaviors," Silvas' past failures to comply with supervision, and "the commission of this offense after being recently incarcerated." (Id.)

To the extent Silvas is claiming that the difference between the lowest end of the guideline range and the 160-month sentence he received is an "upward departure," he is incorrect. The Court took into account the sentencing factors of 18 U.S.C. § 3553 and imposed a sentence within the applicable guideline range. Thus, any objection to the alleged "upward departure" would have been meritless and cannot support an ineffective assistance claim. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Moreover, as noted, counsel implored the Court to impose a sentence below the advisory guideline range. (S. Tr. at 6-8.) Silvas does not identify the basis for any objection to the imposed sentence nor does he identify anything else counsel should have done that would have resulted in a lesser sentence. Because he has failed to establish either deficiency or prejudice, this claim fails.

### 4. Counsel's Alleged Failure to Request a Lab Report and to Challenge the Drug Amounts Used At Sentencing

Although Silvas alleges that counsel failed to request a lab report from the United States, Barroso has provided an affidavit in which he avers: "[D]uring the process of discovery and prior to his re-arraignment I looked at the lab report at the U.S. Attorney's Office. In addition, both Mr. Silvas and I discussed the lab report as well as the other matters which were within the law enforcement reports." (D.E. 49, Barroso Aff. at ¶ 3.)

7

Although Silvas disputes that a conversation about the lab report ever occurred, noting that he does not recall it (D.E. 50 at 5), he has produced no evidence to show that the amount of drugs in the report was incorrect. He merely surmises that the lab's analysis "would separate the pure cocaine from the (cut)" and thus "surely the actual weight of the drug would have been a lot less." (D.E. 50 at 4.) His unsupported allegation does not suffice to meet his burden of showing a "reasonable probability" that his sentence would have been different had counsel objected on the basis of the drug amounts used at sentencing. Cf. Grammas, supra. This claim fails.

### 5. Counsel's Alleged Failure to Appeal and to "Preserve the Record on Appeal"

Silvas' fourth and fifth ineffective assistance claims appear to be related. He claims that counsel failed to appeal and also that counsel failed to "perfect or preserve the record on appeal." (D.E. 25 at 5.)

As noted by the Court at the conclusion of the evidentiary hearing, the Court did not find Silvas at all credible as to his claim that he asked his counsel to appeal. Instead, as set forth by the Court at the conclusion of the hearing, the Court finds both that Silvas did not ask Barroso to appeal and that Barroso consulted with Silvas regarding his right to appeal after sentencing. (Digital Recording of June 3, 2010 Evidentiary Hearing at 2:52-2:53.) The Court also found that Silvas had notice of his right to appeal. (Id. at 2:53.) Thus, the Court concludes that Barroso was not constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a

professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."); see also D.E. 51 (Court's Order setting hearing and discussing legal standards on this issue.)

Additionally, Silvas provides no information as to what issues counsel should have "preserved" for appeal. This claim thus fails due to the lack of any detail. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

### 6. Counsel's Alleged Failure to Investigate

Silvas next claims that counsel failed to investigate, but does not provide any information as to what any further investigation would have revealed. His claim fails on this ground alone. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Moreover, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Silvas has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, this claim fails.

### 7. Counsel's Alleged Failure to Object to the "Illegal" Supervised Release Term

Silvas' claim that counsel should have objected to the supervised release term imposed by the Court is similarly infirm. Barroso correctly believed that there was no basis for any objection. (D.E. 49, Barroso Aff. at ¶ 7.) Indeed, while the Court's imposition of a

9

ten-year supervised release term constituted a sentence above the advisory guideline range (or a non-guidelines sentence), it was not an "illegal sentence." The statutory maximum supervised release term for Silvas' offense was a life term. See 18 U.S.C. § 3583; 21 U.S.C. § 841(a); see also PSR at ¶¶ 66-67. Indeed, Silvas was told of this fact during his rearraignment and he testified that he understood. (D.E. 40, Rearraignment Transcript at 9-10.) Silvas is simply incorrect that the statutory maximum for his supervised release term was five years and not life. Thus, the Court did not exceed the statutory maximum and there was no basis for an objection by counsel.

Moreover, in this case, the Court gave its reasons for the upward departure on the record and those reasons advance the § 3553(a)(2) factors:

> I'm going to impose a 10-year supervised release term. That is above the guidelines. However, I think the period of supervision must be increased above the guidelines because of the Defendant's persistent criminal misconduct, as reflected in his criminal history. And further, as reflected by the seriousness of this offense, the number of occasions on which he was dealing in drugs in this case, but also the fact that he was not able to comply with previous supervision.

(S. Tr. at 10-11.) Notably, Silvas does not contest any of the foregoing facts relied upon by the Court to upwardly depart, and he has not shown any error. Cf. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006) (a sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case).

For the foregoing reasons, all of Silvas' ineffective assistance of counsel claims are denied.

### C. Claim That His Offense Level Was Based on Incorrect Drug Amounts

Silvas' second and third grounds for relief both directly challenge this Court's imposition of sentence. These are claims that could have been raised on appeal. Because Silvas did not appeal, and has not shown cause or prejudice for that failure (or actual innocence), his claims are precluded from consideration here. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). Moreover, such claims are not cognizable in a § 2255 proceedings. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion).

In any event, for the reasons discussed supra at Section III.B.5., Silvas has not shown that the drug amount used to determine his offense level was incorrect.

### D. Claim That His Supervised Release Term is an Illegal Sentence

Again, to the extent Silvas' challenge to his supervised release term is a claim that the Court erred in its application of the sentencing guidelines, it is not properly before the Court. Williamson, 183 F.3d at 462. Additionally, as discussed supra at Section III.B.7, the supervised release term imposed by the Court was not illegal. Thus, this claim fails.

### E.    Claim That He Is Entitled to a Reduction in Sentence Pursuant to an Amendment to the Sentencing Guidelines

Silvas' fourth claim is the same ground for relief raised in his later-filed motion to reduce sentence (D.E. 52.)  Essentially, he alleges either that the Court erred or that he is entitled to a reduction in sentence because of an amendment to the Sentencing Guidelines that changed the way offense levels for offenses involving cocaine base are computed.  As discussed herein, he is incorrect that the amendment entitles him to any relief.

This Court's authority to reduce a sentence pursuant to a Sentencing Guideline amendment comes from 18 U.S.C. § 3582(c)(2).  This statute permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  The pertinent policy statement is set forth at U.S.S.G. § 1B1.10.

Silvas' request for a reduced sentence relies on Amendment 706 to the United States Sentencing Guidelines, which went into effect on November 1, 2007.  Amendment 706 reduces the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances.  It was designed to reduce an unwarranted disparity between sentences for crack and sentences for powder cocaine.  See U.S.S.G., Supplement to Appx. C, Amendment 706 (discussing Reason for Amendment).  As of March 3, 2008, Amendment 706 could be applied retroactively.  See id.; U.S.S.G. § 1B1.10(c).

Although Amendment 706 can result in a reduced sentence for some defendants, it does not provide a basis for reducing Silvas' sentence because he received the benefit of the Amendment at sentencing. That is, the revised guideline ranges for offenses involving crack cocaine went into effect on November 1, 2007. Silvas pleaded guilty and was sentenced *after* the effective date of the Amendment. Moreover, he was sentenced pursuant to the 2008 edition of the United States Sentencing Guidelines Manual, which included the changes set forth in Amendment 706. (Presentence Investigation Report, D.E. 16, at ¶ 11.) The base offense level utilized in his case, therefore, was based on the amended guideline range.

Put differently, Silvas was sentenced based on the post-Amendment 706 drug quantity table, which called for a base offense level of 32. (U.S.S.G. § 2D1.1(c)(4); PSR at ¶ 12.) Had he been sentenced without the amendment, his base offense level for the 154.44 grams of cocaine base involved in the offense would have been 34. See prior version of U.S.S.G. § 2D1.1, Drug Quantity Table (setting a base offense level of 34 for at least 150 grams but less than 500 grams of cocaine base). Thus, Silvas is not entitled to any further reduction in his offense level or sentence. His fourth claim and his motion pursuant to 18 U.S.C. § 3582 for retroactive application of the sentencing to reduce (D.E. 52) are both denied.

### F.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Silvas has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Silvas is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Silvas is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of

his ineffective assistance claims or his claims challenging his sentence, nor do these issues deserve encouragement to proceed.  See Jones, 287 F.3d at 329.

## IV.  CONCLUSION

For the aforementioned reasons, Silvas' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25) is DENIED, and his motion for retroactive application of the sentencing guidelines (D.E. 52) is also DENIED. Additionally, the Court DENIES Silvas a Certificate of Appealability.

It is so ORDERED this 30th day of June, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE