IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-08-613 |
| JUAN GUILLERMO SILVAS, | § § § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR RECONSIDERATION OF MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582**

Pending before the Court is Defendant Juan Guillermo Silvas' ("Silvas") motion to for reconsideration of his sentence pursuant to 18 U.S.C. § 3582 and in light of recent Supreme Court authority. D.E. 76. For the reasons set forth herein, the Court concludes that Silvas is not entitled to relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2008, Silvas was charged in a single-count indictment with possession with intent to distribute approximately one hundred fifty-four and forty-four hundredths (154.44) grams of a mixture of substance containing a cocaine base (also known as crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 7. Silvas pleaded guilty pursuant to a written plea agreement. D.E. 12, 13.

On January 7, 2009, the Court sentenced Silvas to 160 months in the custody of the Bureau of Prisons, to be followed by a ten-year term of supervised release and a $100 special

assessment. D.E. 22, 23. Judgment was entered on January 8, 2009.  D.E. 23.  Silvas did not appeal.

Silvas previously filed a number of post conviction motions, including a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25) and motions to reduce sentence (D.E. 52, 56, 57, and 71). Silvas obtained relief on his most recent motion for sentence reduction based upon a reduction of the sentencing guideline range applicable to crack cocaine. In February of this year, Silvas' sentence was reduced from 160 months to 120 months, the statutory minimum sentence. D.E. 75. Silvas now seeks further reduction.

## II.  ANALYSIS

In his current motion, Silvas contends that his sentence can be reduced below the statutory minimum sentence in effect at the time of his sentencing based on recent Supreme Court authority. He cites Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2694 (2010) and Dorsey v. United States, — U.S. ----, 132 U.S. 2321 (2012).

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine necessary to trigger minimum statutory sentences. Silvas was convicted of possession with intent to distribute 154.44 grams of cocaine which triggered a 10 year mandatory sentence in 2009. 21 U.S.C. § 841(b)(1)(A). The Fair Sentencing Act amended § 841(b)(1)(A), and the new statutory minimum sentence of 10 years applies to possession with intent to distribute more than 280 grams of crack cocaine. The  new statutory minimum sentence of 5 years applies to the amount of crack cocaine possessed by Silvas. § 841(b)(1)(B) (28 grams of cocaine

base or more). The next question is whether Silvas is eligible for the more lenient statutory minimum sentence pursuant to the Fair Sentencing Act of 2010.

Although the Supreme Court held that certain defendants who committed offenses before the effective date of the 2010 Fair Sentencing Act were eligible for its more lenient terms, the changes only applied to those who had not yet been sentenced at the time of enactment on August 3, 2010. Dorsey, 132 S.Ct. at 2335 ("we conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. That is the Act's 'plain import' or 'fair implication.'"). Thus to obtain the benefit of the Fair Sentencing Act's change to the statutory minimums, Silvas' sentencing would have to have taken place on or after August 3, 2010. He was sentenced on January 7, 2009, before enactment of the Fair Sentencing Act.

"[T]he Fair Sentencing Act imposes a change in sentencing, not a procedural or remedial change," which does not permit that statute to be applied retroactively. United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011) (citing United States v. Bell, 624 F.3d 803, 815 (7th Cir. 2010)) ("No procedures or remedies were altered by the passage of the FSA."). Because Silvas does not fall within the exception to the general rule announced in Dorsey, he is not entitled to relief from the statutory minimum sentence of 10 years. See Dorsey, 132 S.Ct. At 2335; see also United States v. Jackson, 2012 WL 3484346 at *1 (5th Cir., August 14, 2012) (per curiam) (designated unpublished) ("Dorsey held. . .that the more lenient penalties of the Fair Sentencing Act ("Act") apply to offenders who committed an offense before the Act was passed, but were sentenced after the Act was enacted."); United

States v. Stone, 473 Fed. App'x. 393, at *1 (5th Cir., July 19, 2012) (per curiam) (designated unpublished) (quoting Dorsey, "ordinary practice is to apply new penalties to defendants not yet sentenced.").

### III.  CONCLUSION

For the reasons stated, Juan Guillermo Silvas' motion for reconsideration (D.E. 76) is DENIED.

It is so ORDERED this 31st day of August, 2012.

_Hayden Head_
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE